[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Appellant Jerald Travis appeals his sentence for domestic violence. In his appeal, he raises one assignment of error in which he challenges the trial court's imposition of a prison term instead of a community-control sanction. Travis had pleaded guilty to domestic violence, following a dispute with his wife in which he had kicked paint cans at her (which hit her back and leg) and he had broken the rear window of her automobile. The trial court imposed an eleven-month prison term.
{¶ 3} In order to impose a prison term for a fifth-degree felony, the trial court must determine whether one of the factors enumerated in R.C. 2929.13(B)(1) applies. In this case, the trial court indicated on its felony-sentencing worksheet that it found that Travis had caused physical harm, had a previous conviction for physical harm, and had previously served a prison term. The trial court also considered that the act of domestic violence was committed in front of his child. The trial court based these findings on the arresting officer's report, Travis's probation history, the presentence-investigation report, and previous convictions involving assault and domestic violence that it read into the record. It also asked Travis if he had been in prison, and he responded that he had "about three times."
{¶ 4} The court also considered the seriousness and recidivism factors found in R.C. 2929.12(B) and (C). Included in that consideration was the fact that Travis's relationship with the offender facilitated the offense. The trial court, however, recognized that that factor did not necessarily make the domestic violence more serious because the relationship was an element of the offense. It did consider as a seriousness factor, as allowed under R.C. 2929.12(B)(9), that Travis's conduct took place in front of his ten-year-old daughter. It also found as factors to support its conclusion of a likelihood of recidivism that Travis had prior convictions, had a history of unsuccessful probation, had failed to attend an appointment at the Court Clinic Forensic Services, had failed to timely notify the clinic, and had been named in warrants for domestic violence since the offense for which he was being sentenced. The trial court noted that it gave the newer domestic-violence charge only guarded consideration because there had been no court proceeding, and that it was not the basis of its sentencing decision. The trial court concluded that a prison term was consistent with the purposes and principles of felony sentencing and that Travis was not amenable to community-control sanctions.
{¶ 5} Even if we assume for the sake of argument only that the court failed to properly find one of the R.C. 2929.13(B) factors, which is the basis of Travis's argument, we would still conclude that its decision to sentence Travis to prison was proper. A trial court may impose a prison sentence for a fifth-degree felony without finding one of the R.C. 2929.13(B) factors if it "finds that, consistent with the purposes and principles of sentencing, an offender is not amenable to community control pursuant to R.C. 2929.13(B)(1)"[1] This requires the trial court to consider the recidivism and seriousness factors under R.C. 2929.12 and any other relevant factors. The trial court in this case did so. We overrule Travis's assignment.
{¶ 6} Therefore, the judgment of the trial court is affirmed.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Sundermann, P.J., Painter and Winkler, JJ.
[1] See State v. Brewer (Nov. 24, 2000), 1st Dist. No. C-000148.